IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2013 OCT -1  P 12: 07

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

KENNETH DANIEL PALMER, #224480     *
      Plaintiff,

v.                                 *     CIVIL ACTION NO. JKB-13-2740

THE COMMITMENT DEP'T OF DIVISION   *
OF CORRECTIONS, et al.
      Defendants.                *

                         *****

## MEMORANDUM

Plaintiff is currently confined at the Maryland Reception Diagnostic and Classification Center

("MRDCC"). He filed this 42 U.S.C. § 1983 civil rights complaint on September 17, 2013, alleging

that he was improperly confined from November 21, 2011 to April 9, 2012, due to a miscalculation

of his diminution credits by the Commitment Office of the Division of Correction.[1]  He seeks

compensatory and punitive damages. ECF No. 1. Because he appears indigent, plaintiff's motion to

proceed in forma pauperis shall be granted. His complaint shall, however, be dismissed without

effecting service on defendants.

Insofar as plaintiff seeks damages due to his alleged wrongful confinement caused by the

incorrect calculation of diminution credits and computation of his sentence structure, his § 1983 civil

rights action shall be dismissed without prejudice. Assuming that a colorable constitutional claim

has been stated, where an inmate's success in a § 1983 damages action would implicitly call into

question the validity of the underlying conviction or duration of confinement, the inmate must first

"achieve favorable termination of his available state, or federal habeas, opportunities to challenge the

---

[1]     Plaintiff claims that one element of his parole revocation decision was the denial of days out-of-custody from "October 2009, to May 16, 2011." ECF No. 1. He contends that the Commitment Office only awarded him 1114 days credit, when it should have reflected 1350 days credit. *Id.*

underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). In this case, plaintiff does not demonstrate that he has presented his claim regarding good conduct time to the appropriate state courts before submitting the claim here under § 1983. Unless he first demonstrates that he was entitled to credit against his sentence for the asserted good conduct days, he cannot pursue a claim for damages against any jail official related to the alleged miscalculations of his term of confinement. Until he obtains affirmative relief through administrative, state, or federal habeas corpus proceedings, he is barred from filing this action. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

For reasons set out herein, this 42 U.S.C. § 1983 civil rights action is hereby dismissed without prejudice. A separate Order follows.

Date: Sept 30, 2013

James K. Bredar
United States District Judge

2